```
              UNITED STATES DISTRICT COURT
                DISTRICT OF MASSACHUSETTS


RICHARD P. TAYLOR, Individually,
as Member of 1210 Fire Rock LLC,
and as Partner of the Fire Rock
Loop Partnership,
     Plaintiff,


     V.                                    CIVIL ACTION NO.
                                           19-11947-MBB

ERIK V. GRUNIGEN, Individually,
as Sole Manager of 1210 Fire Rock LLC,
and as Managing Partner of the Fire Rock
Loop Partnership,
     Defendant.
```

**MEMORANDUM AND ORDER RE:
MOTION TO SEAL
(DOCKET ENTRY # 138)**

**February 2, 2022**

**BOWLER, U.S.M.J.**

In a motion to seal, defendant Erik V. Grunigen ("defendant") seeks to seal large portions of filings pertaining to his summary judgment motion. (Docket Entry # 138). After filing the motion to seal and the redacted filings (Docket Entry ## 116-119), defendant submitted the documents in unredacted form directly to chambers under the terms of a protective order. (Docket Entry # 31-1, ¶ 12(b), 12(c)). Plaintiff Richard P. Taylor ("plaintiff") opposes the motion except for sealing a discrete portion of material he designated as confidential under the protective order. (Docket Entry # 177). He contends that

filing defendant's "summary judgment papers under seal" is "unjustified and overbroad." (Docket Entry # 177, p. 2). This court agrees.

## DISCUSSION

"Under the common law, there is a long-standing presumption of public access to judicial records." In re Gitto Glob. Corp., 422 F.3d 1, 6 (1st Cir. 2005) (citing Nixon v. Warner Communications, Inc., 435 U.S. 589, 597 (1978)). As indicated, defendant seeks to seal judicial records consisting of memoranda and exhibits (Docket Entry ## 116-119) filed in support of the summary judgment motion (Docket Entry # 115).[1] See In re Boston Herald, Inc., 321 F.3d 174, 189 (1st Cir. 2003) (recognizing that First Circuit often defines "'judicial record'" as "'materials on which a court relies in determining the litigants' substantive rights'") (citation omitted); accord United States v. Kravetz, 706 F.3d 47, 58 (1st Cir. 2013) ("'relevant documents which are submitted to, and accepted by, a court of competent jurisdiction in the course of adjudicatory proceedings, become documents to which the presumption of access applies'") (quoting F.T.C. v. Standard Fin. Mgmt. Corp., 830 F.2d 404, 409 (1st Cir. 1987)); Kamakana v. City and County of Honolulu, 447 F.3d 1172, 1179 (9th Cir. 2006) ("presumption of access to judicial records applies

---

[1] Although the summary judgment motion states it is "filed under seal," the motion is not redacted and is filed on the public CMECF docket. (Docket Entry # 115).

fully to dispositive pleadings, including motions for summary judgment and related attachments").

Where, as here, the documents at issue are judicial records, "'[o]nly the most compelling reasons can justify non-disclosure.'" Standard, 830 F.2d at 410 (citation omitted); accord Velcro Group Corp. v. Zijlstra, 180 F. Supp. 3d 106, 107 (D. Mass. 2016) (quoting Standard, 830 F.3d at 410). The requisite analysis involves a careful balancing of the competing interests at stake. See Velcro, 180 F. Supp. 3d at 107 (citation omitted); accord Siedle v. Putnam Investments, Inc., 147 F.3d 7, 10 (1st Cir. 1998) (when "party requests a seal order, or . . . objects to an unsealing order, a court must carefully balance the competing interests that are at stake in the particular case"). Defendant, as the party seeking to seal the material, "'must demonstrate that "good cause" exists,'" Bradford & Bigelow, Inc. v. Richardson, 109 F. Supp. 3d 445, 447 (D. Mass. 2015) (citation omitted), based on "'"a particular factual demonstration of potential harm"'" as opposed to "'"conclusory statements."'" Kravetz, 706 F.3d at 60 (quoting Standard, 830 F.2d at 412).

Under the terms of the protective order (Docket Entry # 31-1), plaintiff designated the following as confidential: "limited portions of his deposition testimony, portions of the deposition testimony of a third-party witness, and portions of Plaintiff's First Amended Answers to Defendant's Second Set of

3

Interrogatories." (Docket Entry # 177, p. 1). As part of two exhibits defendant filed to support summary judgment (Docket Entry # 118, Ex. B, C), defendant submitted the following material which plaintiff designated as confidential: page seven (ln. 5-11), page eight (ln. 22-24), page nine (ln. 1-15), page 50 (ln. 17-24), page 51 (ln. 1-24), and page 52 (ln. 1-5) of plaintiff's deposition and the identities of plaintiff's health care providers in answer to interrogatory nine in the above-noted answers to interrogatories ("Designated Matters"). (Docket Entry # 177, p. 5). Instead of redacting this discrete and limited portion of the two summary judgment exhibits, filing the two redacted exhibits on the public docket, and filing unredacted copies for the court under seal, defendant submitted all of the summary judgment exhibits under seal (Docket Entry # 118, Ex. A-E) (Docket Entry # 119, Ex. A-C) directly to chambers. Likewise, defendant submitted under seal directly to chambers defendant's affidavit (Docket Entry # 119), a memorandum in support of summary judgment (Docket Entry # 116), and a statement of undisputed facts (Docket Entry # 117). Defendant represents (Docket Entry # 138, p. 2) and plaintiff largely concurs (Docket Entry # 177, p. 2) that they agreed defendant would deliver original and courtesy copies of the foregoing unredacted sealed

material directly to chambers.[2]

The protective order allows a party filing "redacted paper(s)" to thereafter deliver the unredacted version directly to chambers. (Docket Entry # 31-1, ¶ 12(c)). The protective order further states that "[a]ll unredacted papers containing Confidential Discovery Material submitted to the Court pursuant to this Order shall be presumptively sealed and kept under seal unless and until otherwise ordered by this Court." (Docket Entry # 31-1, ¶ 12(e)). Relatedly, L.R. 5.4 exempts sealed documents from electronic filing unless "otherwise ordered by the court." L.R. 5.4(a), (g). The terms of the protective order do not prevent this court from ordering the material unsealed and, in any event, this court has the authority, "'after weighing the competing interests, to edit and redact a judicial document in order to allow access to appropriate portions of the document.'" Kravetz, 706 F.3d at 62 (citation omitted).

---

[2] Defendant cites to section 12(a) of the protective order as a basis to proceed in this fashion. (Docket Entry # 138, p. 2). Paragraph 12(a), however, only allows defendant, the "submitting party," to file copies of "papers that entirely redact or obscure all text and content" *if* plaintiff, the designating party, has not identified the confidential material within three days after a L.R. 7.1 conference on the motion to seal. (Docket Entry # 31-1, ¶ 12(a)). Plaintiff designated the confidential material prior to the conference. (Docket Entry # 177, p. 2) (indicating that prior to conference plaintiff "had previously designated as confidential" the material); (Docket Entry # 138, p. 2) (noting that counsel "conferenced the matter of . . . filing . . . certain information that *was* designated confidential by the plaintiff") (emphasis added).

With the exception of the Designated Matters, the material defendant seeks to seal falls outside the type of private information often treated as confidential and subject to non-disclosure.  See id. at 63 (listing examples of such material); Velcro, 180 F.3d at 107 (listing interests which courts find "sufficient to justify impoundment").  Sealing virtually the entire summary judgment record, including the exhibits, deprives the public of access to material that adjudicates substantive rights which may avoid a trial.  See Velcro, 180 F. Supp. 3d at 107 ("[t]he more essential a document is to the Court's core function of adjudicating the parties' claims, the higher the burden to overcome the presumption of public access").  Beyond citing the terms of the protective order and noting the parties' agreement, defendant fails to identify a sufficient factual basis of potential harm to seal the material.  See id. ("moving party must provide 'a particular factual demonstration of potential harm'") (citation omitted).  Plaintiff also waives any confidentiality for materials other than the Designated Matters.  (Docket Entry # 177, pp. 5-6) (stating that "remaining portions of Grunigen's summary judgment papers . . . should not remain under seal"); see Kravetz, 706 F.3d at 63 (noting that confidentiality of medical information "can be waived") (citation omitted).  With the harm to the parties minimal or nonexistent, the public's interest in accessing adjudicatory documents

6

necessary to decide the summary judgment motion outweighs competing interests.

In contrast, the Designated Matters include medical information, such as the names of plaintiff's health care providers, which is "'universally presumed to be private, not public.'"  Kravetz, 706 F.3d at 63 (quoting In re Boston Herald, 321 F.3d at 190).  Although the confidentiality of medical information is not absolute, id. (citation omitted), this court affords some degree of protection for the privacy of the identities of plaintiff's health care providers.  The remaining portion of the Designated Matters also raises plaintiff's privacy interests which outweigh the public's interest in accessing the relatively few lines of deposition testimony.  See In re Boston Herald, 321 F.3d at 190 ("courts analyzing common law presumption should 'consider the degree to which the subject matter is traditionally considered private rather than public'") (citation omitted); see also Kravetz, 706 F.3d at 63 (quoting Nixon, 435 U.S. at 598); Gitto Global Corp., 422 F.3d at 6 (courts exercise discretion abrogating "right of public access where doing so was necessary to prevent judicial records from being '"used to gratify private spite or promote public scandal"'") (quoting Nixon, 435 U.S. at 598).  Redacting the Designated Matters, filing the redacted two exhibits and the remaining summary judgment material in unredacted form on the public CMECF docket,

7

and filing unredacted copies of the two exhibits under seal on the CMECF docket provides adequate protection for the Designated Matters. The motion is denied insofar as it seeks to exempt the material from the CMECF system. See In re Boston Herald, 321 F.3d at 181 ("'where a particularized need for restricting access to legal memoranda exists, that need can be addressed by the tailoring of appropriate relief'") (citation omitted).

CONCLUSION

In accordance with the forgoing discussion, the motion to seal (Docket Entry # 138) is **ALLOWED** in part and **DENIED** in part. This court will file the two unredacted exhibits (Docket Entry # 118, Ex. B, C), which defendant submitted to chambers, on the CMECF docket under seal with access limited to counsel of record and the parties. Defendant shall file a redacted copy of each exhibit (Docket Entry # 118, Ex. B, C) which redacts the Designated Material. This court will unseal and scan the remaining unredacted filings (Docket Entry ## 116-119), which defendant submitted to chambers, onto the public CMECF docket on or after February 8, 2022, unless defendant shows good cause why such filings or a portion of such filings should remain sealed on or before February 7, 2022.

      /s/ Marianne B. Bowler
**MARIANNE B. BOWLER**
United States Magistrate Judge