UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

RICHARD P. TAYLOR,
    Plaintiff/Defendant-in-Counterclaim,

v.   CIVIL ACTION NO. 19-cv-11947-MPK

ERIK V. GRUNIGEN,
    Defendant/Plaintiff-in-Counterclaim.

ORDER ON LINDSAY M. STRAUS' REQUEST FOR LEAVE
OF COURT TO WITHDRAW AS COUNSEL (#387)

KELLEY, U.S.M.J.

I. INTRODUCTION.

This civil action dates back nearly five-and-a-half years and at least in this court, should have come to a close when judgment entered on March 29, 2024, after bench trial. (##318, 319.) The parties, Richard Taylor and Erik Grunigen, have since taken issue with many aspects of the judgment. They have disputed costs owed (#321), disputed the judgment itself (#325), moved the court to compel documents in aid of execution (#335), and moved for a protective order (#338), in addition to other disputes. Now before the court is a motion brought by Lindsay M. Straus, attorney for plaintiff/defendant-in-counterclaim Taylor, to withdraw as counsel. (#387.) Both Taylor and Grunigen, defendant/plaintiff-in-counterclaim, oppose. (##388, 389.) For the reasons discussed below, the motion is GRANTED.

II. DISCUSSION.

    A. Legal Standard.

1

District of Massachusetts Local Rule 83.5.2(c) allows an attorney, in those instances where: "(A) any motion is pending in the case; (B) a trial date has been set; (C) an evidentiary hearing has been set; or (D) any reports, written or oral, are due[,]" to "seek leave of court to withdraw his or her appearance for good cause shown." L.R. 83.5.2(c)(1) and (2). Courts construe "good cause" by looking to Rule 1.16(b) of the Massachusetts Rules of Professional Conduct, which govern the conduct of attorneys practicing and appearing before this court. *See* L.R. 83.6.1. Whether to allow counsel to withdraw is a matter for the "discretion of the trial court." *Andrews v. Bechtel Power Corp.*, 780 F.2d 124, 135 (1st Cir. 1985).

In making this good cause determination, courts may consider "certain factors such as: '(1) the amount of work performed and paid for in comparison with the work remaining, (2) fees paid to date, and (3) the likely effect on the client.'" *Cozy, Inc. v. Dorel Juv. Grp., Inc.*, 711 F. Supp. 3d 19, 21 (D. Mass. 2024) (quoting *Phantom Ventures LLC v. DePriest*, No. 15-cv-13865-IT, 2017 WL 1147448, at *1 (D. Mass. Mar. 27, 2017)). This court has also found support for a finding of good cause where there was a breakdown of the attorney-client relationship. *Id*. at 22; *see Emerson v. Mass. Port. Auth.*, 138 F. Supp. 3d 73, 76 (D. Mass. 2015) (finding withdrawal appropriate where the trust necessary to the attorney-client relationship no longer existed).

B. <u>Analysis.</u>

Judgment entered almost exactly one year ago. Straus fulfilled her duties as counsel through judgment, and in post-judgment proceedings. Straus now seeks to withdraw as counsel and in her motion (#387), offers reasons why there is good cause for her to withdraw: first, that her withdrawal will have no materially adverse effect on Taylor as there are no pending motions and "Taylor's production of confidential financial documents is protected under the Protective Order" previously entered in this matter; second, that there is a fundamental disagreement with

Taylor as to the course of action in this suit; third, that continued representation will financially burden her; and fourth, that Taylor has made continued representation "unreasonably difficult." (#387 ¶¶ 1-4.)

Grunigen's limited opposition to Straus' motion (#388) asks only that if Straus is to be allowed to withdraw, she be ordered to produce an up-to-date address for which service of process may be made on Taylor. *Id.* at 1. The court finds this request reasonable and orders Straus to provide Grunigen's counsel with Taylor's most recent mailing address.[1]

In Taylor's opposition to the motion for withdrawal (#389), he first argues that an attorney cannot withdraw from litigation simply because it is no longer profitable. (#389 at 4.) He claims that Straus agreed to representation "in this case through 60(b) motions, post judgment document discovery, and debtor's examination" and that she is now withdrawing because she does not feel a continued obligation to work for free. (#389-1 ¶ 5.) Straus, in response, asserts that she has told Taylor "repeatedly over a period of at least six months" that she would not represent him in the matters he lists, and that he has had ample time to hire a new attorney. (#392 ¶ 1.) Taylor next argues that Straus has "failed to fulfill her duties consistent with termination of representation." (#389 at 5.) In support, Taylor cites Straus' alleged failure to provide documents and Straus' filing this motion with insufficient notice for Taylor to find other counsel. *Id.* at 6. Specifically, Taylor alleges that Straus has refused to provide a copy of the trial record and disclosures regarding alleged mistakes Straus made during representation. *Id.* ¶ 7. Straus, again, denies that she has refused to provide Taylor with documents, and suggests that the disclosure of errors would only be necessary in a malpractice suit. (#392 ¶¶ 2-5.)

---

[1] Taylor himself has apparently erred in setting out his own mailing address on his own pleadings. (#397.) L.R. 83.5.5(e) requires "[a]ny party who appears *pro se* [to] provide the clerk and all parties a mailing address at which service upon the *pro se* party can be made…."

3

The court need not make findings as to the above disputed facts, but does consider the arguments of Taylor and Straus, as well as the Local Rules, to determine whether "good cause" is present here. On balance, the court finds that the circumstances warrant a finding of good cause for Straus' withdrawal as counsel.

First, the age of this case and the time which has lapsed since its conclusion weighs in favor of Straus, as she has worked on this case for many years. Consideration of the effect on the client also weighs in Straus' favor. Taylor alleges harm because motions may be filed for which he will need counsel. *See* #389 ¶¶ 8, 10. Although Straus and Taylor offer opposing views regarding whether Taylor knew that Straus was going to withdraw, the court finds in the last year, there was ample time to file further post-judgment motions or, at the very least, to discuss whether counsel would assist in any such filing. *See* #392 ¶ 1 ("Contrary to Mr. Taylor's assertions, [Straus has] told him repeatedly over a period of at least six months that [she] did not intend to represent him in the filing of a motion under Fed. R. Civ. P. 60(b)…"). Taylor also appears to be alleging harm based on his lack of access to court records and Straus' disclosures as to her mistakes in representation. Regarding the court records, Straus should provide copies of any such documents Taylor claims to be missing in accordance with Straus' statement that she will do so "at the conclusion of [her] representation." (#392 ¶ 3.) Regarding Straus' disclosures as to her representation, the court finds that this is a matter for the Board of Bar Overseers to decide.

The court accepts Straus' representation that her relationship with Taylor has irretrievably broken down. *See Cozy, Inc.*, 711 F. Supp. 3d at 21 ("[C]ourts have permitted withdrawal where, as here, there has been a clear breakdown of the attorney-client relationship…"). The court finds that continued representation would be "unreasonably difficult" and that the ongoing "fundamental disagreement[s]" as to the course of action in this case indicates a lack of trust between the attorney

4

and client. (#387 ¶¶ 2, 4.) The apparent disagreements as to all aspects of this motion reinforce this conclusion, as do Taylor's allegations that Straus has refused to provide him "disclosures of any material mishandling of the case or errors she has made…" (#389 ¶ 7). Taylor's insistence on such disclosures suggests an intent to pursue a malpractice action. In sum, this clear breakdown of the relationship supports a finding of good cause for Straus' withdrawal as counsel.

III.  CONCLUSION.

Attorney Straus' Motion to Withdraw as Counsel is GRANTED. The court orders Straus to provide Taylor's current mailing address to counsel for Grunigen.

March 11, 2025                                    /s/M. Page Kelley
                                                  M. Page Kelley
                                                  United States Magistrate Judge